**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 26-61417-CIV-SMITH

YOUSSEF NOORDEN-SKYRON,

      Petitioner,

v.

GARRETT J. RIPA, *et al.*,

      Respondents.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court upon Petitioner's Petition for Writ of Habeas Corpus [DE 1] and Respondents' Return to Petition for Writ of Habeas Corpus [DE 6]. Petitioner has not filed a reply. Petitioner seeks an order requiring Respondents to release Petitioner from custody. For the reasons that follow, the Petition is denied.

## I.    Background

Petitioner, a citizen and national of Sudan, entered the United States on July 3, 2024. On July 4, 2024, Respondents issued a Notice and Order of Expedited Removal. Petitioner has been continuously detained by U.S. Immigration and Customs Enforcement ("ICE") since July 3, 2024. On July 21, 2025, an immigration judge ordered Petitioner removed from the United States. Petitioner appealed the order of removal. His appeal was dismissed on October 15, 2025, by the Board of Immigration Appeals ("BIA"). Petitioner filed a Motion to Reopen with the BIA on February 27, 2026. That motion remains pending.

On December 3, 2025, Petitioner filed for Temporary Protected Status ("TPS") as a citizen of Sudan. The valid period for TPS for Sudanese citizens lasts until October 19, 2026. United States Citizenship and Immigration Services ("USCIS") issued a Receipt Notice informing

Petitioner he will have to report for biometrics.  Petitioner's detention prevents him from appearing at a biometrics appointment before USCIS.

On March 9, 2026, Petitioner filed a Petition for Writ of Habeas Corpus in the Southern District of Florida, Case No. 26-60683-CIV-SMITH.   In that case, Petitioner sought release pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).  This Court denied the Petition because it was premature and because Petitioner failed to provide any evidence or facts to support his claim that there is no significant likelihood of removal in the foreseeable future.  Now that more than six-months have passed since Petitioner's order of removal became final, Petitioner has filed a new Petition seeking release under *Zadvydas*.

## II.    Discussion

Petitioner asserts that his detention violates his substantive and procedural due process rights because his detention no longer bears a reasonable relationship to the Government's stated purpose of effectuating removal.  He has been detained beyond the six-month period that the Supreme Court deemed presumptively reasonable for post-removal order detention in *Zadvydas v. Davis*, 533 U.S. 678.   Respondents are still awaiting responses to their requests for travel documents from Sudan or a third country.  Further Respondents have not provided a definitive timeline for Petitioner's removal.  Thus, Petitioner asserts that his removal is not reasonably foreseeable.

Respondents assert that Petitioner's detention does not violate his constitutional rights.  Respondents maintain that they must detain Petitioner under 8 U.S.C. § 1231, which governs the detention and removal of aliens ordered removed.  Section 1231(a)(2)(A) states:

> During the removal period, the Attorney General *shall* detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

8 U.S.C. § 1231(a)(2)(A) (emphasis added).  Section 1231(a)(1)(A) sets a removal period of 90 days.  8 U.S.C. § 1231(a)(1)(A).  Section 1231(a)(1)(B) defines the removal period as beginning on the latest of the following:

(i)     The date the order of removal becomes administratively final.

(ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii)   If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  Accordingly, Petitioner's removal period began on October 15, 2025, the day his removal order became final, and, therefore, the 90-day removal period ended on January 13, 2026.  However, § 1231(a)(6) permits continued detention of an alien ordered removed after the 90-day removal period has run.  Thus, Petitioner is now in continued detention post-the removal period.  Additionally, "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."  8 U.S.C. § 1231(a)(1)(C).

In *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001), the Supreme Court held that § 1231 contains "an implicit 'reasonable time' limitation, the application of which is subject to federal-court review" because an indefinite detention would raise "serious constitution concerns."   The Supreme Court went on to hold that a 6-month period was a reasonable time but, after that 6-month period elapsed, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.  "To obtain relief from a post-removal order

3

of detention, then, a petitioner must: (1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-CV-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002)).

Respondents assert that Petitioner has refused to complete a travel document application; therefore, much of the delay in Petitioner's removal is attributable to Petitioner. In support of this contention, Petitioner has submitted the Declaration of Deportation Officer Willima J. McMahon [DE 6-2]. In the Declaration, McMahon states that Enforcement and Removal Operations ("ERO") is in the process of obtaining travel documents from Sudan but Petitioner has failed to provide local ERO with the evidence and biographical information necessary to request a travel document from Sudan. (McMahon Decl. ¶¶ 19-20.) McMahon further states that Petitioner claims he has no family or contacts in Sudan to assist in obtaining travel documents. (*Id.* ¶ 21.) As a result of Petitioner's lack of cooperation, ERO has to conduct additional research and take additional steps to compile enough evidence to submit to the Sudanese government in order to obtain a travel document for Petitioner, thereby delaying removal. (*Id.* ¶¶ 22-23.) Thus, Respondents maintain that, because Petitioner's own actions are responsible for obstructing his removal, he cannot state a constitutional due process claim under *Zadvydas*.

As Respondents argue, a petitioner cannot show that there is no significant likelihood of removal in the foreseeable future if the petitioner's actions are responsible for thwarting his removal. *Vaz v. Skinner*, 634 F. App'x 778, 782 (11th Cir. 2015); *Guo Xing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) ("The six-month period is tolled, however, if the alien acts to prevent his removal."); *see also* 8 U.S.C. § 1231(a)(1)(C). Here, Respondents have presented

4

evidence that Petitioner has not provided necessary information to aid in his removal.  Accordingly, he has thwarted his removal.

Additionally, Petitioner has failed to show that there is no significant likelihood of removal in the foreseeable future.  Respondents have provided evidence, the McMahon Declaration, that they are in the process of obtaining travel documents from Sudan for Petitioner, while Petitioner has provided no evidence indicating that there is no reasonable likelihood that he will be removed in the reasonably foreseeable future.  While Petitioner has alleged that ERO officers informed him that both Sudan and South Sudan have refused to accept his return, this contradicts the McMahon Declaration stating that ERO is in the process of obtaining travel documents from Sudan. Consequently, Petitioner has not met his burden under *Zadvydas*.

Accordingly, it is,

**ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus [DE 1] is **DENIED.**

2. All pending motions are **DENIED as moot.**

3. This case is **CLOSED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 11th day of June, 2026.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE